RAMÓN ALVAREZ, Appellant, v. REGISTRAR OF PROPERTY OF SAN JUAN (SECOND SECTION), Respondent.

No. 1147. Submitted July 6, 1944.—Decided July 28, 1944.

*Carlos D. Vázquez* and *D. Guerrero Noble,* for appellant. The registrar appeared by brief.

MR. CHIEF JUSTICE TRAVIESO delivered the opinion of the court.

On May 2, 1944, Ramón Alvarez issued a note to bearer secured by a mortgage on an automobile belonging to him.

Upon presentation of said document for recordation in the Registry of Property, the registrar refused the same "because . . . it contains a mortgage on personal property securing a note to bearer with the consent of the debtor alone, and the 'Personal Property Mortgage Law' . . . does not authorize the unilateral execution thereof, the consent of the creditor and of the debtor being necessary, that is, it has

to be a bilateral contract in order that the same may be recorded in the special registry established by said law, pursuant to its express provisions.''

The only question involved in this appeal is whether a personal property mortgage, constituted to secure a note to bearer is recordable in the Registry of Personal Property, where the same is signed by the mortgagor alone and executed in favor of the bearer.

 Act No. 19 of June 3, 1927, known as ''Personal-Property Mortgage Law,'' provides in § 2 that ''all personal property shall be subject to mortgage in conformity with the provisions of this Act.'' Section 3 provides that the mortgage lien is constituted on property owned by a person called the mortgagor in favor of another person called the mortgagee and it defines the word ''person'' as used in the statute. Section 5 prescribes the manner in which the mortgage should be executed. Said Section reads as follows:

''Section 5.—A personal-property mortgage shall be deemed to be sufficient when made substantially in accordance with the following form and signed by both the mortgagor and mortgagee executing the same, in the presence of two proper witnesses who shall sign the mortgage as witnesses to the execution thereof, and the mortgagor, or in his absence his attorney with sufficient power, shall make and subscribe an affidavit in substance as herein set forth which shall form a part of the mortgage. The said mortgage and affidavit may be either printed, typewritten or written by hand.''

As may be seen, one of the statutory requirements in order to consider sufficient a personal-property mortgage is that the same should be ''signed by both the mortgagor and the mortgagee executing the same.'' Since this condition was lacking, one of the essential requirements of the law for the sufficiency of said mortgage was not fulfilled and we believe, as does the registrar, that the document is not recordable.

The ''Personal-Property Mortgage Law'' is a special Act. It contains nineteen Sections regulating the constitu-

tion, registration, and execution of the personal-property mortgage, and it also provides a form of said mortgage and of affidavit. It likewise provides for the recordation of the mortgages thus constituted in a special registry. This Act has nothing to do with the Mortgage Law and its Regulations concerning real property. They are two different laws, of different application.

As we have already seen, the law is clear. In order to record the personal-property mortgage, the mortgagor as well as the mortgagee must sign the document. We find the reason in § 9 of the Act which reads as follows:

"Section 9.—No personal property upon which a personal-property mortgage is in force shall be removed from the municipality in which the same is located at the time of the execution of the mortgage without the written consent of the mortgagee, and if such consent is given a certified copy of the mortgage shall be recorded in the registry of property of the district to which the property is removed."

The law, therefore, grants certain rights to the mortgagee which would not be secured if it were not required that the latter be a real or juridical person. The registrar must know who the mortgagee is in order to be able, in the future, to authorize the transfer of mortgaged property to some other registry and to be able to issue a certified copy of the mortgage. It is likewise necessary that the name of the mortgagee should appear in the registry in order that the registrar should know that the person authorizing the transfer of said mortgaged property is said mortgagee.

The appellant cites in support of his contention the case of *Arroyo* v. *Registrar,* 55 P.R.R. 779, but that case may be easily distinguished from the case at bar. Although in the former there was involved a note payable to bearer secured by a personal property mortgage, yet the one who sought the record thereof was the mortgagee, that is, the holder of the

document, who is the person entitled to demand payment on the date it is due. In that case it was not decided whether or not it was necessary for the holder of the note to sign the same in order to record the document inasmuch as the question was not raised in this court, but, as in the instant case that question has been raised, we are of the opinion that the foregoing reasons are sufficient to decide that it must be done in that way.

The ruling appealed from must be affirmed.